IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ANDREW JASPER,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:16-CV-210-L** |
| | § | |
| **JPMORGAN CHASE BANK, N.A.,** | § | |
| | § | |
| Defendant. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court is Plaintiff's Motion to Remand (Doc. 6), filed January 27, 2016.  After considering the motion, response, reply, pleadings, Defendant's Notice of Removal, the Supplement to Defendant's Notice of Removal, the record, and applicable law, the court determines that it lacks subject matter jurisdiction over this action.  Accordingly, the court **grants** Plaintiff's Motion to Remand (Doc. 6) and **remands** the action to the 193rd Judicial District Court, Dallas County, Texas, from which it was removed.

**I.      Factual and Procedural Background**

On December 28, 2015, Plaintiff Andrew Jasper ("Plaintiff" or "Jasper") brought this action against Defendant JPMorgan Chase Bank, N.A. ("JPMC" or "Defendant") in the 193rd Judicial District Court, Dallas County, Texas.  In his Original Petition for Declaratory Judgment ("Petition"), Jasper seeks a declaration as to the owner of property located at 4606 Canal Street, Dallas, Texas 75210 ("Property").  Jasper alleges in his Petition that, during a Chapter 13 bankruptcy proceeding brought by him in March 2007, he surrendered the Property to Defendant pursuant to a Chapter 13 bankruptcy plan, and Defendant was allowed to foreclose on the Property.  Plaintiff alleges that, as

a result of the bankruptcy proceeding, he no longer owns the Property.  In addition to declaratory

relief, Plaintiff alleges that he seeks "actual damages" or "monetary relief of $100,000 or less,"

attorney's fees, prejudgment and postjudgment interest, and court costs.  Pl.'s  Orig. Pet. ¶¶ 2, 20.

On January 26, 2016, JPMC removed the case to federal court based on diversity of citizenship.  The

following day, Plaintiff moved to remand the case to state court, contending that the amount in

controversy to support federal jurisdiction based on diversity is lacking.

For the reasons herein explained, the court agrees with Plaintiff that it lacks jurisdiction over

this action and must remand it to the state court from which it was removed because Defendant has

not satisfied its burden of establishing that the amount in controversy exceeds $75,000.

## II.    Standard for Subject Matter Jurisdiction

Defendant removed this case based on diversity and the amount in controversy.  A federal

court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties

of the United States," or over civil cases in which the amount in controversy exceeds $75,000,

exclusive of interest and costs, and in which diversity of citizenship exists between the parties.  28

U.S.C. §§ 1331, 1332.  Federal courts are courts of limited jurisdiction and must have statutory or

constitutional power to adjudicate a claim.  *See Home Builders Ass'n of Miss., Inc. v. City of*

*Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  Absent jurisdiction conferred by statute or the

Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter

jurisdiction is lacking.  *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir.

1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).  "[S]ubject-

matter jurisdiction cannot be created by waiver or consent."  *Howery v. Allstate Ins. Co.*, 243 F.3d

912, 919 (5th Cir. 2001).  A federal court has an independent duty, at any level of the proceedings,

to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("federal court may raise subject matter jurisdiction *sua sponte*").  As this action was removed on the basis of diversity of citizenship and the amount in controversy, the court turns to that issue.

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988).  Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant.  *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted).  "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference."  *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)).  Failure to allege adequately the basis of diversity mandates remand or dismissal of the action.  *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).  A notice of removal "must allege diversity both at the time of the filing of the suit in state court and at the time of removal."  *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993) (quotation marks and citations omitted).  Such failure, however, is a procedural defect and may be cured by filing an amended notice.  *Id.* n.4.

A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely.  *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985).  "'Citizenship' and 'residency'

are not synonymous." *Parker v. Overman*, 59 U.S. 137, 141 (1855). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)). A national bank, for diversity purposes, "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006).

For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995).

In a removal case, when the plaintiff's pleadings do not state a specific amount of damages, the defendant must establish by a preponderance of the evidence that "the amount in controversy exceeds the [$75,000] jurisdictional amount." *St. Paul Reinsurance*, 134 F.3d at 1253. "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount of the claim will exceed [the jurisdictional amount]." *De Aguilar*, 47 F.3d at 1412 (footnotes omitted). The test to be used by the district court is "whether it is more likely than not that the amount of the claim will exceed [the jurisdictional amount]." *St. Paul Reinsurance*, 134

F.3d at 1253 n.13.  As the Fifth Circuit has stated, "[t]he district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount.  If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy." *Id.* at 1253.  If a defendant fails to establish the requisite jurisdictional amount, the court must remand the case to state court.  If a defendant establishes that the jurisdictional amount has been met, remand is appropriate only if a plaintiff can establish "to a legal certainty" that his recovery will not exceed the jurisdictional threshold.  *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 388 (5th Cir. 2009).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnote omitted).  Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction.  As the removing party, JPMC has the burden of establishing subject matter jurisdiction.

## III.   Discussion

The citizenship of Plaintiff and Defendant is not disputed.  Defendant's Notice of Removal alleges that Plaintiff is domiciled in and a citizen of Texas, and JPMC is a citizen of Ohio because it is a national bank with its main office located in Ohio.  Accordingly, there is complete diversity of citizenship between the parties.

Regarding the amount in controversy, Plaintiff's Petition does not set forth a specific amount of damages.  Plaintiff instead alleges that he seeks monetary relief or actual damages totaling less than $100,000.  He also seeks nonmonetary relief in the form of a declaration that Defendant is the

owner of the Property in question or that he is no longer the owner of the Property as a result of his Chapter 13 bankruptcy proceeding. Because it is not facially apparent from the Petition whether the relief that Plaintiff seeks exceeds the jurisdictional amount, the court may consider summary judgment-type evidence to determine the amount in controversy. *St. Paul Reinsurance*, 134 F.3d at 1253.

In its Notice of Removal, JPMC acknowledges that Jasper does not allege a specific amount of damages but asserts that the requisite amount in controversy is, nevertheless, satisfied because:

> Plaintiff filed the Petition to recover actual damages, attorney fees, and for declaratory relief concerning the ownership of the real property located at 4606 Canal Street, Dallas, Texas 75210 (the "Property"). . . . This Notice of Removal may assert the amount in controversy to meet the $75,000 minimum for federal diversity jurisdiction under 28 U.S.C. § 1332(a) because the Petition (a) seeks non-monetary relief and (b) fails to assert a specific amount of monetary damages sought and Texas state practice would allow recovery in excess of $75,000. 28 U.S.C. § 1446(c)(2)(A). Accordingly, the amount in controversy in this matter meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs.

Def.'s Notice of Removal ¶¶ 8-9 (citations and footnote omitted). This statement by Defendant, which is essentially a recitation of law, is devoid of any facts from which the court can determine whether the amount of Plaintiff's claims will exceed $75,000. JPMC's response to the Motion to Remand is likewise unhelpful and attempts to impermissibly shift the burden to Plaintiff to establish that the amount in controversy does not exceed $75,000. In addition to making the same argument above, JPMC asserts as follows:

> 8. Plaintiff sought an unspecified money judgment against JPMC in his Petition: "In addition, plaintiff asks for the following damages: a. Actual damages. b. Prejudgment and postjudgment interest. c. Court costs. d. Attorney fees. . . ." (Petition at ¶ 20.) Plaintiff has made it impossible to determine the amount of monetary recovery he is seeking against JPMC. The Petition fails to give any indication about whether Plaintiff is seeking a monetary recovery over $75,000 or the factual or legal grounds supporting his request for monetary recovery against JPMC.

**Memorandum Opinion and Order – Page 6**

9.   The Petition does not limit the amount of Plaintiff's request for monetary recovery against JPMC to $75,000 or less. Plaintiff included a statement in his petition that he seeks monetary relief of $100,000 or less. He obviously could have limited his monetary request to $75,000 or less, but he chose not to do so. Now that JPMC has properly removed the case to this Court, Plaintiff cannot disavow his own Petition to get the case remanded.

Def.'s Resp. 3-4.  The arguments in JPMC's response to the Motion to Remand (Doc. 11), filed February 16, 2016, are essentially the same as those in its supplemental notice of removal, which was filed the same date (Doc. 9).[1]

Defendant's argument that Plaintiff alleges and seeks $100,000 or less and nonmonetary relief, however, does nothing to establish the amount in controversy.  When a party files an original pleading in a Texas state court, applicable state law requires the pleading to include one of five categories of relief sought.  Tex. R. Civ. P. 47(c)(1)-(5).[2]  By including such a statement in the Petition, Plaintiff was merely complying with relevant Texas law.  Moreover, the category selected by Plaintiff does not establish that the amount necessarily exceeds $75,000, as the category he selected also includes $75,000 and any amount under $75,000, all of which are less than the jurisdictional threshold.  Defendant's speculation and interpretation as to the amount of specific

---

[1] The supplemental Notice of Removal was filed in response to the court's January 29, 2016 order, requiring JPMC to supplement its removal notice with "specific facts that establish, or statements from which the court can reasonably infer, that the amount in controversy exceeds $75,000." Order (Doc. 8).  In its order, the court explained and put Defendant on notice that its conclusory statement regarding the amount in controversy exceeding $75,000 and citation to 28 U.S.C. § 1446(c)(2)(A) were "simply too slender of a reed to establish that the amount in controversy exceeds $75,000." *Id.*

[2] Rule 47(c)(1)-(5) requires, except in cases governed by the Family Code, a party to seek relief as follows:

(1)   only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees; or
(2)   monetary relief of $100,000 or less and non-monetary relief; or
(3)   monetary relief over $100,000 but not more than $200,000; or
(4)   monetary relief over $200,000 but not more than $1,000,000; or
(5)   monetary relief over $1,000,000.

monetary relief sought by Plaintiff do not provide the basis for establishing that the amount in controversy exceeds $75,000.

In his reply, Jasper contends that the Texas Declaratory Judgment Act does not authorize recovery of monetary damages, and Defendant has not provided any proof that he seeks an amount in excess of the jurisdictional amount. Jasper contends that the amount in controversy is the value of the Property, which according to the Dallas Central Authority Appraisal ("DCAD") is $3,750. For support, Plaintiff submitted a copy of DCAD's reported value for the Property, which is publicly available.

The court agrees with this argument by Plaintiff. JPMC, on the other hand, misconstrues what constitutes the object of the litigation and does not dispute the value of the Property. When a plaintiff seeks a declaratory judgment, as in this case, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002). In particular, when "a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961) (quotation omitted). Here, Jasper seeks declaratory relief to determine the owner of the Property, and, although not required to do so, he presented evidence establishing that the value of the Property is $3,750. Accordingly, the court concludes that the amount in controversy in this case is the value of the Property or $3,750, which is far below the amount in controversy required to support federal jurisdiction based on diversity.

Further, the court finds no merit in JPMC's argument that the amount in controversy is satisfied because Plaintiff seeks actual damages, prejudgment and postjudgment interest, and court costs. The language of the removal statute makes clear that interest and costs are excluded in

establishing the jurisdictional amount.  While attorney's fees may be considered, Jasper has not

asserted any claims that would allow him to recover monetary damages or attorney's fees in federal

court.  When a declaratory judgment action is brought in state court under the Texas Declaratory

Judgment Act and removed to federal court, the action is in effect converted to and treated as one

under the federal Declaratory Judgment Act.  *See I2 Techs. US, Inc. v. Lanell*, 2002 WL 1461929,

at * 7 n.5 (N.D. Tex. July 2, 2002) (citing cases). The Federal Declaratory Judgment Act "does not

by itself provide statutory authority to award attorney's fees that would not otherwise be available

under state law in a diversity action," *Mercantile Nat'l Bank v. Bradford Trust Co.*, 850 F.2d 215,

218 (5th Cir. 1988), and the Fifth Circuit has held that "a party may not rely on the Texas DJA

[Declaratory Judgment Act] to authorize attorney's fees in a diversity case because the statute is not

substantive law."  *Utica Lloyd's of Texas v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998).

Moreover, even if Plaintiff were entitled to recover attorney's fees, the court determines that,

more likely than not, the amount in controversy would not be met, as it would be fatuous to infer that

he would incur attorney's fees in excess of $71,000 to meet the jurisdictional threshold on a simple,

straightforward case such as this.  Accordingly, because Defendant has failed to establish that the

amount in controversy exceeds $75,000, the court lacks subject matter jurisdiction over this action

and must remand the case to state court.

**IV.    Attorney's Fees**

Plaintiff contends that he should be awarded his reasonable attorney's fees and costs incurred

in obtaining a remand of this action because Defendant's removal of the case was not objectively

reasonable.  Defendant responds: "No factual or legal basis exists to award Plaintiff's legal fees

against JPMC."  Def.'s Resp. 2.

**Memorandum Opinion and Order – Page 9**

Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."   28 U.S.C. § 1447(c). There is no "automatic entitlement to an award of attorney's fees." *Valdes v. Wal–Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). Bad faith is not "a prerequisite to awarding attorney fees and costs."   *Id.* (citation omitted).   "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted). In this regard, the court must decide "whether the defendant had objectively reasonable grounds to believe the removal was legally proper" at the time of removal, "irrespective of the fact that it might ultimately be determined that removal was improper." *Valdes*, 199 F.3d at 293.

The law regarding diversity of citizenship and amount in controversy, and Plaintiff's request for declaratory relief is well established, and the court determines that no objectively reasonable grounds existed to remove this action.  Plaintiff is, therefore, entitled to recover his reasonable attorney's fees and costs incurred for Defendant's removal of this action to federal court.  If Plaintiff wishes to pursue his request to recover reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1447(c), and the parties are unable to reach agreement regarding the amount of attorney's fees and costs, he must file a fee application with supporting documentation for the court's consideration by **September 12, 2016.** *The parties are strongly admonished to reach agreement on the amount of attorney's fees, as "[a] request for attorney's fees should not result in a second major litigation."* *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (emphasis added).

**Memorandum Opinion and Order – Page 10**

V.      **Conclusion**

For the reasons explained, the court lacks subject matter jurisdiction over this action. Accordingly, the court **grants** Plaintiff's Motion to Remand (Doc. 6) and **remands** this action to the 193rd Judicial District Court, Dallas County, Texas, from which it was removed.  The clerk of the court is **directed** to effect the remand in accordance with the usual procedure and term Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 4).

**It is so ordered** this 10th day of August, 2016.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order – Page 11**